IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY MARK ALBERT, #A0150197, | ) ) ) | CIV. NO. 15-00255 SOM/KSC |
| Plaintiff, | ) ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) | |
| DONNA CAROL EDWARDS, JOHN DOES 1-10, JANE DOES 1-10, DOE AGENCIES 1-10, DOE CORP. 1-10, DOE GOV'T ENTITIES, AGENCIES, AND DEP'TS 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**<u>ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING COMPLAINT WITH LEAVE TO AMEND</u>**

Before the court is *pro se* Plaintiff Anthony Mark Albert's civil rights complaint and *in forma pauperis* ("IFP") application. Doc. Nos. 1 & 5. Plaintiff is a pretrial detainee awaiting entry of judgment of conviction and sentence at the Oahu Community Correctional Center ("OCCC"), in *Hawaii v. Albert*, Cr. No. 1PC08-1-000118, Doc. No. 222 (Haw. Cir. Ct. July 6, 2015).[1] *See* Hawai`i State Judiciary Public Access to Court Information, Ho`ohiki, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/.[2]

---

[1] On Oct. 17, 2014, a circuit court jury found Plaintiff guilty of Criminal Solicitation to Commit Murder. *See* Cr. No. 1PC08-1-000118, Doc. No. 206.

[2] The court may take notice of readily determined facts whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (allowing notice of other state or federal judicial proceedings that have a direct
(continued...)

Plaintiff alleges that his ex-wife, Donna Carol Edwards, conspired with unidentified others to have him "arrested and falsely charged" with Burglary in the First Degree, Unlawful Entry, and Abuse of a Household Member. Compl., Doc. No. 1, PageID #2-3; *see Hawaii v. Albert*, Cr. No. PC07-1-000288, Doc. No. 1 (1st Cir. Ct., Haw., Feb. 13, 2007).

Plaintiff's IFP application is DENIED without prejudice as incomplete. Plaintiff fails to state a cognizable claim for relief. The Complaint is DISMISSED with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A, for. Plaintiff is DIRECTED to submit a completed prisoner IFP application and amended complaint on or before **August 21, 2015.** Failure to do either will result in automatic dismissal of this action.

### I. IN FORMA PAUPERIS APPLICATION

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a).[3] An action may not proceed without concurrent payment of the filing fee or an order granting IFP status. *See* 28 U.S.C. § 1915(a)(1).

---

[2](...continued)
relation to matters at issue); *cf. Lee v. City of L.A.*, 250 F.3d 668, 689-690 (9th Cir. 2001) (allowing notice of public orders, but not the truth of their facts); *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012).

[3] Plaintiff is NOTIFIED that, as a prisoner, he is obligated to pay the entire filing fee for commencing this suit, regardless of whether it is later dismissed by the court without a motion or by motion. *See* 28 U.S.C. § 1915(b)(1).

Plaintiff's IFP application is not on a District of Hawaii prisoner IFP form. It lacks (1) a prison official's signed certification attesting to the amount in Plaintiff's prison account; (2) a certified account statement showing the withdrawals and deposits to Plaintiff's account over the previous six months; and (3) Plaintiff's signed release for withdrawal of funds from his account. *See* 28 U.S.C. § 1915(a)(2); Local Rule LR99.7.10. Plaintiff's IFP request is DENIED without prejudice as incomplete.

Plaintiff must pay the entire filing fee of $400.00, or submit a complete IFP application on the court's prisoner IFP application form[4] that includes a prison official's signed certification of the amount in Plaintiff's account, a six-month account statement showing that he is a pauper within the meaning of the statute, and his signed permission to withdraw funds from his account on or before **August 21, 2015.** Failure to do so SHALL result in dismissal of this action for failure to prosecute and follow a court order. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

---

[4] The Clerk sent Plaintiff the correct IFP application form on July 7, 2015. Forms are also available at OCCC.

## II. **LEGAL STANDARD**

The court must screen all civil actions brought by prisoners proceeding pro se and in any action relating to prison conditions or seeking redress from a government entity, officer, or employee. 28 U.S.C. §§ 1915(e)(2) & 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. §§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (stating the

court is "not bound to accept as true a legal conclusion couched as a factual allegation"). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The court must set conclusory factual allegations aside, accept all nonconclusory factual allegations as true, and determine whether those nonconclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 676–684; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that the court need not accept legal conclusions, unwarranted deductions of fact, or unreasonable inferences as true). While "[t]he plausibility standard is not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. To make this plausibility determination, the court is permitted "to draw on its judicial experience and common sense." *Id.* at 679.

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *but cf. Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013) (holding that the district court has discretion to dismiss

*pro se* complaint without leave to amend when "it is clear that the complaint could not be saved by any amendment").

### III. BACKGROUND

On December 28, 2006, Plaintiff and Edwards argued on the telephone about his taking their children to Costco. Plaintiff then drove to where Edwards' and her boyfriend, Michael R. Chu,[5] lived to pick up the children. When Plaintiff arrived, he called out to Edwards from the porch, then opened the front door to allow his children to leave with him. Edwards appeared and demanded that he leave the premises without their children. Plaintiff says he raised his arm to prevent Edwards from blocking his children's exit, and "she fell back wards [sic]." *Id.*, PageID #2. Chu observed this incident. Edwards apparently recorded the incident on her telephone. Someone called 911. Plaintiff states that he was arrested that day at Costco and charged with Burglary in the First Degree, Unlawful Entry, and Abuse of a Household Member.

Plaintiff states that two Honolulu Police Department ("HPD") detectives interviewed Edwards and Chu at their home the next day, December 29, 2006, and recorded the interviews. Plaintiff alleges that Edwards and Chu gave the officers false information, including that he was "violent, angry, and abusive

---

[5] Chu is not a named defendant.

6

toward his children," and that their children feared him. Compl., Doc. No. 1, PageID #3.

Plaintiff alleges that Edwards filed a temporary restraining order against him in January 2007, because he showed their children a photograph of her with a male stripper.[6] *Id.*

On February 13, 2008, Plaintiff was indicted in *Hawaii v. Albert*, Cr. No. PC07-1-000288, for Burglary in the First Degree, Unlawful Entry, and Abuse of a Household Member. *See id.*, Doc. No. 1. On July 3, 2012, while Plaintiff was awaiting prosecution in *Hawaii v. Albert*, Cr. No. 1PC08-1-000118, the State moved to nolle prosequi Cr. No. PC07-1-000288, and the matter was terminated. Cr. No. PC07-1-000288, Doc. No. 51.

Plaintiff alleges Edwards conspired to "deprive [Plaintiff] of his parental rights and . . . have him arrested and falsely charged, depriving him of his civil and constitutional rights." Compl., Doc. No. 1, PageID #3. He names Edwards, John and Jane Does 1-20, Non-governmental Doe Agencies and Corporations 1-20, and Government Doe Entities, Agencies, and Departments 1-10 as Defendants. Plaintiff asserts no request for relief.

---

[6] On January 17, 2007, Edwards was granted a temporary restraining order against Plaintiff, which remains in effect until December 13, 2027. *See Edwards v. Albert*, Dist. Ct. No. 1DA07-000092 (Haw. Dist. Ct. Jan. 17, 2007) (Doc. Nos. 1 &21).

# IV. DISCUSSION

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, the court DISMISSES the Complaint with leave to amend.

Plaintiff alleges that Edwards conspired to deprive him of his parental and constitutional rights by falsely accusing him, leading to his allegedly false arrest. He does not expressly assert with whom she conspired. He alleges simply that Edwards (and Chu) lied (1) during the 911 call precipitating his alleged arrest at Costco, (2) to the HPD detectives who investigated the 911 call the next day, and (3) to obtain a temporary restraining order.

## A. Conspiracy

Conspiracy is not itself a constitutional tort under § 1983. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012). Rather, conspiracy claims enable a plaintiff to "enlarge the pool of responsible defendants by demonstrating their causal connections to the violation; the fact of the conspiracy may make a party liable for the unconstitutional actions of the party with whom he has conspired." *Id.* Plaintiffs therefore often allege a

conspiracy to "draw in private parties who would otherwise not be susceptible to a § 1983 action because of the state action doctrine." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Crowe v. Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010)).

To allege a cognizable conspiracy claim under § 1983 between a private actor and government officials acting under color of state law, a plaintiff must allege that they "reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Gilbert v. City of Westlake*, 177 F.3d 839, 856-57 (9th Cir. 1999). The conspirators need not know all of the exact details of the plan, but each "must at least share the common objective of the conspiracy." *Id.* A conspiracy claim "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (dismissing a complaint that had "legal conclusions but no specification of any facts to support the claim of conspiracy").

Pleading a conspiracy requires more than a conclusory allegation that defendants conspired to deprive plaintiff of his civil rights. Within the Ninth Circuit, a heightened pleading

standard applies to conspiracy claims under § 1983.[7]  *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir.1997); *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Plaintiff's conspiracy claim amounts to no more than "vague and conclusory allegations of official participation in civil rights violations," and therefore fails to state a claim. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy are insufficient to support a claim under § 1983 or § 1985).

**B. Analysis**

First, the only alleged point of contact between Edwards and any state actor *before* Plaintiff's arrest at Costco was by telephone with an HPD dispatcher during the 911 call on December 28, 2006. The only alleged points of contact between Edwards and state actors *after* that arrest and before the February 13, 2007, indictment were the HPD investigation on December 29, 2006, and possibly a hearing on January 17, 2007, on

---

[7] The Ninth Circuit has specifically held that conspiracy claims are subject to this heightened pleading standard because they require the plaintiff to show that the defendant agreed to join the conspiracy. *See Harris*, 126 F.3d at 1195; *Margolis*, 140 F.3d at 853. Although the Ninth Circuit eliminated the application of a heightened pleading standard to all cases when an improper motive is an element, it has not modified the requirement in regard to allegations of conspiracy. *See Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

the request for temporary restraining order.[8]  Accepting as true
Plaintiff's allegations that Edwards lied to the HPD 911
dispatcher on December 28, 2006, to the HPD investigating
officers on December 29, 2006, and regarding her request for a
temporary restraining order in January 2007, Plaintiff fails to
show that Edwards and unnamed government officials had a common
objective, purpose, or design to falsely charge and arrest
Plaintiff.  If these government officials were operating under
the belief that Edwards's allegedly false representations of what
happened were true, they could not have had the necessary meeting
of minds with Edwards to satisfy the heightened pleading
requirements for a conspiracy claim.

Second, "private parties are not generally acting under
color of state law, and . . . '[c]onclusionary allegations,
unsupported by facts, [will be] rejected as insufficient to state
a claim under the Civil Rights Act.'"  *Price v. Hawaii*, 939 F.2d
702, 707-08 (9th Cir. 1991).  "Careful adherence to the 'state
action' requirement preserves an area of individual freedom by
limiting the reach of federal law and federal judicial power.  It
also avoids imposing on the State, its agencies or officials,
responsibility for conduct for which they cannot fairly be

---

[8] There may have been more contacts between Edwards and
state actors, but Plaintiff alleges no facts to support this and
specifically alleges false arrest as to only the Costco incident
on December 28, 2006.

blamed." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936-37 (1982). While Plaintiff alleges facts suggesting that Edwards and Chu conspired to have him arrested, he alleges nothing supporting any conspiracy between them and state actors. The possibility of their private conspiracy does not make either of them a state actor subject to liability under § 1983.

Third, "merely complaining to the police does not convert a private party into a state actor." *Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) (citing *Rivera v. Green*, 775 F.2d 1381, 1382–84 (9th Cir. 1985)). Regardless of who called 911, Edwards or Chu, that call did not convert either into a state actor. Similarly, Edwards's January 17, 2007, request for a temporary restraining order did not turn her into a state actor. *Price*, 939 F.2d at 708 (stating that "resorting to the courts" does not convert a private party into a state actor). Moreover, that request could not have affected the arrest on December 28, 2006.

Fourth, to the extent Plaintiff challenges the indictment filed on February 13, 2007, rather than the arrest on December 28, 2006, and suggests that Edwards gave false testimony to the grand jury, such claim is unavailing because a grand jury witness, "whether a lay person or a law enforcement officer, has absolute immunity from any § 1983 claim . . . based on the witness' testimony." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506

12

(2012). "[T]his rule may not be circumvented by claiming that a grand jury witness conspired to present false testimony or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution." *Id.*, 132 S .Ct. at 1506.

Accepting Plaintiff's statement of facts as true, the court cannot reasonably infer that there was a meeting of the minds between Edwards and any state actor to have Plaintiff falsely charged or arrested. Plaintiff's allegation that Edwards and Chu lied to the police negates any inference that there was a common design, understanding, meeting of the minds, or objective between Edwards and state actors to falsely arrest or charge Plaintiff. *Gilbert*, 177 F.3d 856-57. Plaintiff's conclusory statement that a conspiracy existed is insufficient to state a conspiracy claim. *Price*, 939 F.2d at 708 ("a defendant is entitled to more than the bald legal conclusion that there was action under color of state law"). Because Plaintiff fails to provide sufficient facts of a conspiracy, or to establish that Edwards can be considered a state actor, he fails to state a claim for relief. The Complaint is DISMISSED with leave to amend to correct this pleading deficiency if possible.

**C.  Leave to Amend**

Plaintiff may file an amended complaint on or before **August 21, 2015.** The amended complaint must cure the deficiencies noted above. An amended complaint generally

13

supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, although this court will not ignore Plaintiff's original statement of facts when reviewing an amended complaint, any amended complaint should stand on its own as a complete document without incorporating or referring to an original complaint. Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 ("[C]laims dismissed with prejudice [need not] be repled in a[n] amended complaint to preserve them for appeal. . . . [but] claims [that are] voluntarily dismissed [are] . . . waived if not repled."). In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

Plaintiff is NOTIFIED that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if he chooses to amend his pleading.

### V. 28 U.S.C. § 1915(g)

If Plaintiff fails to correct the deficiencies identified in this Order on or before **August 21, 2015**, this dismissal shall count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 if he has "on 3 or more prior occasions, while incarcerated or detained . . . brought an action or appeal" in

14

the federal courts that was dismissed as frivolous, malicious, or fails to state a claim, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

### VI. CONCLUSION

(1) Plaintiff's *in forma pauperis* application is DENIED. He SHALL file a complete prisoner *in forma pauperis* application or submit the civil filing fee of $400.00 on or before **August 21, 2015, or this action SHALL be** AUTOMATICALLY DISMISSED.

(2) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), with leave granted to amend. Plaintiff SHALL file an amended complaint curing the deficiencies noted above on or before **August 21, 2015.** Failure to timely amend the Complaint and cure its pleading deficiencies will result in **DISMISSAL** of this action for failure to state a claim, and will be counted as a strike pursuant to 28 U.S.C. § 1915(g). (3) The Clerk SHALL mail Plaintiff a prisoner civil rights complaint form so he can comply with this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; July 27, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Albert v. Edwards,* 1:15-00255 SOM/KSC; Scrng 2015/Albert 15-255 som (dny IFP, dsm); J:\PSA Draft Ords\SOM\Albert 15-255 SOM (dny IFP, dsm no consp.).wpd

15